

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00278-CR
_____

LEVI STUART NICHOLS AKA LEVI STUART NICHOLAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 74,586-E, Honorable Douglas R. Woodburn, Presiding

February 26, 2020

## ORDER

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Pending before the Court is appellant's motion for rehearing. We clarify one matter addressed in the motion and otherwise deny it. The matter concerns the first footnote in our opinion. Through it, we observed that 1) the circumstances could raise suspicions about whether the sole purpose of the inventory was to search for drugs, and 2) appellant did not so argue below or on appeal as grounds for suppressing the contraband eventually found. Appellant replied to those observations by arguing that:

> In addition, the substance of footnote 1 of this Court's opinion seems to imply that trial counsel below should have requested the trial court to issue

fact findings on whether the totality of the circumstances evinced an intent on the part of the police to conduct a pretextual inventory search. However, pretextual seizures are permitted under the current state of the law. Therefore, to request such a finding in the instant case would have accomplished little.

We make no comment on whether "pretextual seizures are permitted under the current state of the law." Rather, our intent was to indicate that appellant did not question whether the inventory was undertaken in good faith or merely as a subterfuge to justify a general search for contraband. As said in *Colorado v. Bertine*, 479 U.S. 367, 107 S. Ct. 738, 93 L. Ed. 2d 739 (1987), "reasonable police regulations relating to inventory procedures administered ***in good faith*** satisfy the Fourth Amendment." *Id.* at 374 (emphasis added). Similarly, our United States Supreme Court in *Florida v. Wells*, 495 U.S. 1, 110 S. Ct. 1632, 109 L. Ed. 2d 1 (1990), explained that inventory searches were permissible due to "the principle that an inventory search ***must not be a ruse for a general rummaging in order to discover incriminating evidence***." *Id.* at 4 (emphasis added). Because appellant did not contend that, under the circumstances at bar, the inventory procedures were not administered in "good faith" or were invoked merely as "a ruse for a general rummaging . . . to discover incriminating evidence," that topic fell outside the scope of our review. *See Washington v. State*, 152 S.W.3d 209, 213 (Tex. App.—Amarillo 2004, no pet.) (holding that the issue of whether the trial court erred in refusing to suppress evidence was waived because the grounds asserted on appeal did not comport with those proffered to the trial court).

With that, we deny the motion for rehearing.

Per Curiam

Do not publish.

2